IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO.: 3:19-cv-00251

| | |
|---|---|
| STANLEY RUTLEDGE, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>INNOVATIVE COURIER SOLUTIONS, INC.,<br><br>Defendant. | **COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Stanley E. Rutledge, Jr. ("Rutledge" or "Plaintiff"), on behalf of himself and all others similarly situated, by and through counsel, brings this collective action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Innovative Courier Solutions, Inc. ("ICS"). Rutledge alleges that he and other similarly situated drivers were improperly classified as independent contractors, and as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred within this District, and Defendant conducted business in this District. Specifically, Plaintiff performed work in Charlotte, North Carolina and the surrounding area.

## THE PARTIES

3. Rutledge is an adult individual who is a resident of Charlotte, North Carolina. Rutledge was employed by Defendant as a driver between January 2016 and February 2017. A written consent form for Rutledge is filed with this Complaint as Exhibit 1.

4. ICS is a Georgia business corporation registered and in good standing in the State of North Carolina. ICS is in the business of providing delivery services.

## COVERAGE ALLEGATIONS

5. At all times hereinafter mentioned, ICS has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

6. At all times hereinafter mentioned, ICS has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, ICS has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

8. At all times hereinafter mentioned, Rutledge has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

9. At all times hereinafter mentioned, Rutledge was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## COLLECTIVE DEFINITION

10. Rutledge brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants (the "Collective Members"):

> All individuals throughout the United States who were classified as independent contractors while performing courier services for ICS from May 28, 2016 to present.

## FACTS

11. ICS is in the business of providing delivery services for a wide range of businesses. Among these, ICS delivers pharmaceuticals to stores and hospitals in North Carolina, South Carolina, Georgia and Alabama. To carry out this central function of ICS's business, ICS contracts with individuals, like Rutledge, to unload delivery trucks, load delivery vehicles, and deliver merchandise to customers' businesses.

12. Although ICS classifies Rutledge and the Collective Members as "independent contractors," the economic reality of the arrangement is that these individuals are employees of ICS.

13. ICS controls and supervises the delivery process performed by Rutledge and the Collective Members.

14. Because ICS controls performance of the drivers' duties, the drivers have no opportunity to utilize any managerial skills. The delivery of packages, the only service performed by Rutledge and the Collective Members, is the sole and central purpose of ICS's business and ICS cannot make deliveries without drivers.

15. Although ICS classified Rutledge and the Collective Members as independent contractors, the behavioral and financial control exercised by ICS over the drivers demonstrates they are ICS's employees. This control includes, but is not limited to, the following:

   a. ICS required Rutledge and the Collective Members to report to a facility operated by ICS at a scheduled time, five to six days a week, to unload and sort shipments of pharmaceuticals and other merchandise for delivery to ICS customers.

   b. ICS provided Rutledge and the Collective Members with delivery manifests that were created by ICS and which instructed Rutledge and the Collective Members as to whom deliveries must be made, the locations of those deliveries, and time windows for making these deliveries.

   c. Rutledge and the Collective Members wear an ICS uniform and carry an identification card that lists them as ICS representatives.

   d. ICS monitors the loading of Rutledge's and the Collective Members' vehicles each morning.

   e. Rutledge and the Collective Members are required to carry GPS scanners provided by ICS to log their deliveries throughout the day. ICS tracks Rutledge's and the Collective Members' progress throughout the day and remain in contact with Rutledge and the Collective Members regarding their daily deliveries.

16. Rutledge and the Collective Members were paid a fixed rate based on the number and types of deliveries they made.

17. Rutledge and the Collective Members regularly worked between 55-65 hours per week delivering packages for ICS.

18. For example, Rutledge was scheduled to work five to six days per week. Each day, Rutledge was required to arrive at ICS's Charlotte, NC location at 4 a.m. to sort and load packages for delivery. Each day, Rutledge returned to the same location at the end of his work day at approximately 2:00 p.m. As a result, Rutledge worked an average of 10 hours per day and 50 - 60 hours per week. With few exceptions, Rutledge worked this schedule every week he was employed by Defendant.

19. Rutledge and the Collective Members were not paid an overtime premium for hours worked in excess of forty (40) each workweek.

20. ICS did not record or track the hours worked by Rutledge and the Collective Members.

21. ICS had knowledge that Rutledge and the Collective Members regularly worked in excess of forty (40) hours per workweek.

22. ICS had no reasonable basis to believe that Rutledge and the Collective Members were exempt from the overtime requirements of the FLSA. Rather, ICS either knew or acted with reckless disregard of clearly applicable FLSA provisions in misclassifying Rutledge and the Collective Members as independent contractors and failing to pay overtime to Rutledge and the Collective Members. ICS deliberately misclassified Rutledge and the Collective Members as independent contractors to avoid paying them overtime compensation to which they were entitled.

## COLLECTIVE ACTION ALLEGATIONS

23. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs.

24. Rutledge and the Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because all such individuals currently work or previously worked pursuant to ICS's common business and compensation practices as described herein, and, as a result, have been misclassified as independent contractors and have not been paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts including ICS's misclassification of drivers and its uniform compensation practices.

25. Specifically, ICS intentionally misclassified Rutledge and the Collective Members as independent contractors and paid them pursuant to the same compensation scheme whereby they received a flat rate for each package delivered, but no overtime premium for hours worked in excess of forty in a workweek.

26. The similarly situated drivers are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

## COUNT I

**(Violation of FLSA – Overtime Collective Action)**

27. Rutledge incorporates by reference paragraphs 1-26 of his Complaint.

28. Count I arises from ICS's violation of the FLSA, for its failure to pay overtime wages earned by Rutledge and the Collective Members.

29. ICS violated the FLSA by failing to pay Rutledge and the Collective Members an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

30. ICS violated the FLSA by failing to keep, make and preserve accurate records of all time worked by Rutledge and the Collective Members.

31. ICS's violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Rutledge and all employees similarly situated who join in this action demand:

a) Order the ICS to file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all drivers, or any other similarly titled position, who have worked for ICS within the last three years;

b) Authorize Plaintiff's counsel to issue notice at the earliest possible time to all drivers, or any other similarly titled position, who have worked for ICS within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding ICS liable for unpaid overtime wages due to Rutledge (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Rutledge (and those who have joined in the suit);

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the minimum wage and overtime requirements of the FLSA;

g) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

h) An Order granting such other and further relief as may be necessary and appropriate.

Dated: May 31, 2019

Respectfully Submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
Jason S. Chestnut, NCSB # 52066

**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@philgibbonslaw.com
craig@gibbonsleis.com
jason@gibbonsleis.com